IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TEMITOPE OLAIYA,<br>a.k.a. "Tammy,"<br><br>and<br><br>RICHARD ANTHONY WOODYARD<br>a.k.a. "Richard Anthony Carrington,"<br><br>*Defendants.* | Case No. 1:19-MJ-291 |

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR CRIMINAL COMPLAINT

I, Donald C. Moore, being duly sworn, hereby depose and state:

**BACKGROUND**

1. I am a Special Agent Criminal Investigator with United States Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI"). ICE/HSI is a subordinate component of the Department of Homeland Security ("DHS"). I have been a DHS/HSI Special Agent since June of 2004, and I am currently assigned to the Washington Dulles International Airport (IAD) Investigative Group at the HSI Washington DC ("HSI DC") field office in Dulles, Virginia. In my capacity as an HSI Special Agent Criminal Investigator, I have had experience in criminal investigations involving counter proliferation, transnational gangs, commercial fraud, counterterrorism, immigration crimes, and financial crimes. I have been trained at the Federal Law Enforcement Training Center in Brunswick, Georgia, where I have attended and graduated from the

Criminal Investigator Training Program, and the Immigration and Customs Enforcement Special Agent Training Program. In my capacity as a Special Agent, my duties include investigating violations of the nation's immigration, nationality and customs laws.

2. This affidavit is submitted in support of an application for a criminal complaint charging Temitope Olaiya, a.k.a. "Tammy" (OLAIYA) and Richard Anthony Woodyard, a.k.a. "Richard Anthony Carrington," (WOODYARD) with conspiracy to import 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, into the United States from a place outside thereof, in violation of Title 21, United States Code, Sections 952(a), 960, and 963.

3. The facts set forth in this affidavit are based on my personal knowledge and review of records, documents, and other physical evidence obtained during this investigation, as well as information conveyed to me by other law enforcement officials. This affidavit does not include each and every fact observed by me or known to the government. I have set forth only those facts necessary to support a finding of probable cause.

## PROBABLE CAUSE

4. On or about February 11, 2019, at approximately 6:45 a.m., an individual arrived at Washington Dulles International Airport, in Loudoun County, Virginia, within the Eastern District of Virginia, from São Paulo International Airport in Brazil, carrying approximately three kilograms of cocaine hidden in his luggage. The cocaine had been separated into three foil-wrapped packages, which were ensconced in the lining of an otherwise-empty, black attaché case. This individual later pleaded guilty to cocaine importation charges and agreed to cooperate with the United States, s/he will hereinafter be referred to as "CD-1" (cooperating defendant #1).

5. At Dulles on February 11, CD-1 waived his *Miranda* rights and agreed to be

interviewed by law enforcement. CD-1 stated that the reason he had traveled to Brazil was that a woman named "Tammy" had agreed to pay him to bring back a suitcase full of "fabric." CD-1 advised that he met "Tammy" through another acquaintance of his. CD-1 stated that he had needed money, and Tammy agreed to pay him $5,000 if he traveled abroad to bring back "fabric." "Tammy" helped CD-1 obtain visas to travel and set up bank accounts, ostensibly to facilitate payment. CD-1 stated that he had made two prior trips —to Madagascar and Brazil — and that "Tammy" paid for some of his expenses, but he did not receive the full $5,000 for the trips. CD-1 stated that on this trip to Brazil, at "Tammy's" direction, he met someone going by the name "Easy" at a mall in or around São Paulo, and picked up the suitcase, which he said was locked. "Easy" then called an Uber to take CD-1 back to the airport in São Paulo, and thereafter, CD-1 checked the suitcase and boarded his flight to return to the United States.

6. CD-1 consented to a search of his cell phone, and upon reviewing the cell phone, law enforcement found WhatsApp messages between CD-1 and the number (xxx) xxx-2539, in which CD-1 addressed the user as "Tammy." In the WhatsApp messages, on or about February 5, 2019, the user of (xxx) xxx-2539 provided CD-1 with the name of a hotel in São Paulo.

7. A query of law enforcement databases revealed that the phone number (xxx) xxx-2539 is associated with OLAIYA. Law enforcement showed CD-1 a photograph of OLAIYA, and he identified her as "Tammy" who had arranged for him to go to Brazil and Madagascar. Law enforcement reviewed flight records associated with CD-1 and discovered that CD-1 had, in fact, traveled to Madagascar on December 22, 2018; to Brazil on January 11, 2019; and to Brazil again on February 5, 2019.

8. On or about June 23, 2019, WOODYARD arrived at JFK International Airport in Queens, New York, on LATAM Flight No. 8180 from São Paulo International Airport in Brazil.

WOODYARD is a United States citizen and a resident of the District of Columbia. He was traveling alone. At the U.S. Customs and Border Protection (CBP) inspection area, WOODYARD was selected for enforcement examination by CBP officers. WOODYARD claimed ownership of the bags he was carrying, and when asked if everything inside the bags were his, he stated yes. During the examination, the officers discovered a black briefcase with an anomaly in the lining of the bag. The bag was cut, and officers discovered a white powdery substance, which field-tested positive for the presence of cocaine. Altogether, the CBP officers found approximately 1.15 kilograms of cocaine hidden in the lining of WOODYARD's bag. This is consistent with the manner in which the cocaine was hidden in CD-1's bag when CD-1 arrived at Dulles on February 11, 2019.

9. After the CBP officers seized the cocaine from WOODYARD's bag, WOODYARD received his *Miranda* warnings. WOODYARD acknowledged and waived his *Miranda* rights and agreed to answer questions. WOODYARD admitted his involvement with OLAIYA in smuggling cocaine into the United States from Brazil, and admitted that OLAIYA was the intended recipient of the cocaine in the United States. WOODYARD advised that he lived in the District of Columbia, and OLAIYA was expecting him to arrive in D.C. on a bus from New York. WOODYARD consented to the search of his phone, which revealed WhatsApp messages between WOODYARD and OLAIYA.

10. Thereafter, law enforcement officers proceeded to conduct a controlled delivery of the cocaine to OLAIYA at or near Union Station in Northeast D.C. At approximately 12:40 a.m., OLAIYA arrived at the designated meeting spot in D.C. and took possession of the package of cocaine. At that point, both OLAIYA and WOODYARD were arrested.

## CONCLUSION

11. Based on the foregoing and my training and experience, I submit there is probable

cause to believe that from in and around December 2018 through June 2019, within the Eastern District of Virginia and elsewhere, OLAIYA, WOODYARD, CD-1, and others both known and unknown, did unlawfully, knowingly, and intentionally conspire, confederate, and agree to import into the United States from a place outside thereof 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 952(a), 960, & 963.

12. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

*Donald C. Moore*
Donald C. Moore
Special Agent
Department of Homeland Security
Homeland Security Investigations

Sworn and subscribed to me this 24th day of June, 2019.

/s/
Michael S. Nachmanoff
United States Magistrate Judge

The Honorable Michael S. Nachmanoff
United States Magistrate Judge